# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF INDIANA
# FORT WAYNE DIVISION

| | |
|---|---|
| HAROLD MESSER, | ) |
|     Plaintiff, | ) |
| v. | ) Cause No. 1:18-CV-425-HAB |
| ANDREW SAUL, Commissioner of the Social Security Administration, | ) |
|     Defendant. | ) |

## OPINION AND ORDER

This matter comes before the Court on Plaintiff Harold Messer's Brief in Support of Plaintiff's Complaint to Review Decision of Commission of Social Security Administration (ECF No. 21), filed on August 6, 2019. Defendant Andrew Saul, Commissioner of the Social Security Administration (the "Commissioner"), filed his Memorandum in Support of Commissioner's Decision (ECF No. 22) on September 13, 2019. Messer filed no reply. This matter is now ripe for review.

**A. Procedural History**

Messer filed for disability insurance benefits and supplemental security income under Titles II and XVI of the Social Security Act on June 30, 2015. His applications were initially denied on September 9, 2015, and on reconsideration on June 23, 2015. On June 8, 2017, Messer had a hearing on his application before an administrative law judge ("ALJ") in Fort Wayne, Indiana. The ALJ issued his decision (R. 17–28) on December 21, 2017, finding that Messer was not disabled (the "Decision"). The Decision was affirmed by the Appeals Council on October 25, 2018. This action then followed.

B.   **Legal Analysis**

1.   *Standard of Review*

A claimant who is found to be "not disabled" may challenge the Commissioner's final decision in federal court. This Court must affirm the ALJ's decision if it is supported by substantial evidence and free from legal error. 42 U.S.C. § 405(g); *Steele v. Barnhart*, 290 F.3d 936, 940 (7th Cir. 2002). Substantial evidence is "more than a mere scintilla of proof." *Kepple v. Massanari*, 268 F.3d 513, 516 (7th Cir. 2001). It means "evidence a reasonable person would accept as adequate to support the decision." *Murphy v. Astrue*, 496 F.3d 630, 633 (7th Cir. 2007); *see also Diaz v. Chater*, 55 F.3d 300, 305 (7th Cir. 1995) (substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.") (citation and quotations omitted).

In determining whether there is substantial evidence, the Court reviews the entire record. *Kepple*, 268 F.3d at 516. However, review is deferential. *Skinner v. Astrue*, 478 F.3d 836, 841 (7th Cir. 2007). A reviewing court will not "reweigh evidence, resolve conflicts, decide questions of credibility, or substitute [its] own judgment for that of the Commissioner." *Lopez v. Barnhart*, 336 F.3d 535, 539 (7th Cir. 2003) (quoting *Clifford v. Apfel*, 227 F.3d 863, 869 (7th Cir. 2000)).

Nonetheless, if, after a "critical review of the evidence," the ALJ's decision "lacks evidentiary support or an adequate discussion of the issues," this Court will not affirm it. *Lopez*, 336 F.3d at 539 (citations omitted). While the ALJ need not discuss every piece of evidence in the record, she "must build an accurate and logical bridge from the evidence to [the] conclusion." *Dixon v. Massanari*, 270 F.3d 1171, 1176 (7th Cir. 2001). Further, the ALJ "may not select and discuss only that evidence that favors [her] ultimate conclusion," *Diaz*, 55 F.3d at 308, but "must confront the evidence that does not support [her] conclusion and explain why it was rejected,"

*Indoranto v. Barnhart*, 374 F.3d 470, 474 (7th Cir. 2004). Ultimately, the ALJ must "sufficiently articulate [her] assessment of the evidence to assure" the court that he "considered the important evidence" and to enable the court "to trace the path of her reasoning." *Carlson v. Shalala*, 999 F.2d 180, 181 (7th Cir. 1993) (quoting *Stephens v. Heckler*, 766 F.2d 284, 287 (7th Cir. 1985) (internal quotation marks omitted)).

**2.** *The ALJ's Decision*

A person suffering from a disability that renders him unable to work may apply to the Social Security Administration for disability benefits. *See* 42 U.S.C. § 423(d)(1)(A) (defining disability as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months"). To be found disabled, a claimant must demonstrate that his physical or mental limitations prevent him from doing not only his previous work, but also any other kind of gainful employment that exists in the national economy, considering his age, education, and work experience. § 423(d)(2)(A).

If a claimant's application is denied initially and on reconsideration, he may request a hearing before an ALJ. *See* 42 U.S.C. § 405(b)(1). An ALJ conducts a five-step inquiry in deciding whether to grant or deny benefits: (1) whether the claimant is currently employed, (2) whether the claimant has a severe impairment, (3) whether the claimant's impairment is one that the Commissioner considers conclusively disabling, (4) if the claimant does not have a conclusively disabling impairment, whether he has the residual functional capacity to perform his past relevant work, and (5) whether the claimant is capable of performing any work in the national economy. *Zurawski v. Halter*, 245 F.3d 881, 885 (7th Cir. 2001).

At step one, the ALJ found that Messer had not engaged in substantial gainful activity since June 23, 2015. At step two, the ALJ found that Messer suffered from the following severe impairments: alcoholic cirrhosis of the liver with ascites, major depressive disorder, alcohol abuse, chronic fatigue, and generalized anxiety disorder. The ALJ further found that Messer suffered from the following non-severe impairments: bilateral shoulder pain and neck pain.

At step three, the ALJ found that Messer did not have "an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1." (R. 20). At step four, the ALJ determined that Messer had the residual functional capacity ("RFC") to:

> Perform light work as defined in 20 CFR 404.1567(b) and 416.967(b) except occasionally climbing ladders, ropes, scaffolds, ramps, and stairs; occasionally balancing, stooping, kneeling, crouching, and crawling; must avoid concentrated exposure to hazards such as machinery with moving mechanical parts and unprotected heights and extreme heat; able to understand, carry out, and remember simple, routine, and repetitive tasks not at production rate or pace work with only occasional simple work-related decision making required. The individual could respond appropriately to occasional changes in the workplace. The individual could have frequent interaction with supervisors and coworkers and occasional interaction with the general public.

(*Id*. at 22). At step five, the ALJ determined that Messer was unable to perform any past relevant work, but that there were jobs that exist in significant numbers in the national economy that Messer could perform.

**3.**   ***Lack of Treatment***

Messer raises a number of challenges to the Decision, but the Court finds the final issue to be determinative. Messer asserts that "[t]he ALJ concluded that limited treatment gives rise to the inference that Plaintiff can do light work," requiring remand to consider explanations for the lack of treatment. (ECF No. 21 at 22–23). The Court agrees.

The Seventh Circuit has emphasized that an ALJ must not draw any inferences about a claimant's condition from his failure to seek treatment unless the ALJ has explored the claimant's explanations as to the lack of medical care. *Moss v. Astrue*, 555 F.3d 556, 562 (7th Cir. 2009); *Craft v. Astrue*, 539 F.3d 668, 679 (7th Cir. 2008). Among the possible explanations a claimant could advance is problems with insurance coverage. *Moss*, 555 F.3d at 562.

The Commission admits that the ALJ "did note Plaintiff's failure to seek treatment and did not expressly consider a financial explanation." (ECF No. 22 at 8). However, the Commissioner argues that the ALJ's failure was "harmless" because "when Plaintiff *did* receive treatment, the records generated there did not support his subjective allegations." (*Id*.) (original emphasis). The Commissioner's argument fails to account for the weight the ALJ gave to the lack of treatment. After noting the severity of Messer's cirrhosis during Messer's June 2015 hospitalization, which included the removal of *eleven liters of fluid* from Messer's abdomen, the ALJ remarked that Messer only saw his treating doctor twice after the hospitalization. The ALJ then concluded that Messer's "failure to seek more frequent and thorough medical attention indicates that his symptoms were not as limiting as he claimed." (R. 23). The ALJ emphasized this conclusion on the next page where he undermined Messer's undisputed diagnosis of cirrhosis by stating "there was no further evidence of surgery or hospitalization for claimant's liver condition. In fact, there was no evidence of any type of treatment after August 2016." (R. 24).

The ALJ's commentary on Messer's lack of treatment was not confined to Messer's liver condition. With respect to Messer's mental issues, which the ALJ found to be significant impairments, the ALJ noted that Messer did not seek mental treatment "such as outpatient therapy or inpatient hospitalization." (*Id*.). Accordingly, the ALJ concluded that "the limiting effects of

5

depression and anxiety described by the claimant are not supported with the evidence in the record." (*Id.*).

The ALJ's error is exacerbated by the evidence in the record demonstrating Messer's issues with insurance coverage. During his August 24, 2015, examination of Messer, Dr. Abdali Jan, the Social Security Administration's medical examiner, noted that insurance issues were causing a delay in treatment by a specialist. (R. 601). Dr. Dan Boen, the Administration's psychologist, noted Messer's insufficient insurance. (R. 616). Testimony during Messer's hearing indicated that insurance coverage for his hospitalization was obtained only through his parents. (R. 50). In short, there was more than enough evidence in the record for the ALJ to inquire why Messer did not receive treatment before relying on that lack of treatment to support her finding that Messer was not disabled. The ALJ's reliance on the lack of treatment is plainly contrary to Seventh Circuit precedent, and remand is necessary.

**C.     Conclusion**

Given the Court's conclusion that the ALJ erred in considering reasons for Messer's lack of treatment, it is unnecessary for the Court to consider his remaining arguments. For the foregoing reasons, the Court DIRECTS the Clerk to enter judgment in favor of Plaintiff and against Defendant, and REMANDS this matter to the Commissioner for further proceedings.

SO ORDERED on January 7, 2020.

                                              s/ Holly A. Brady
                                              JUDGE HOLLY A. BRADY
                                              UNITED STATES DISTRICT COURT